## UNITED STATES v. FRANKLIN.

(Circuit Court, S. D. New York. November 8, 1909.)

CRIMINAL LAW (§ 16*)—CRIMES AGAINST UNITED STATES—OFFENSES COMMITTED IN PLACES CEDED TO UNITED STATES—CONSTRUCTION OF STATUTE.

Rev. St. § 5391, and Act July 7, 1898, c. 576, 30 Stat. 717 (U. S. Comp. St. 1901, pp. 3651, 3652), the former of which provides that in case of any offense committed in any place ceded to and under the jurisdiction of the United States, "which offense is not prohibited or the punishment thereof is not specially provided for by any law of the United States, such offense shall be liable to and receive the same punishment as the laws of the state in which such place is situated now in force provide for the like offense," and the latter of which contains similar provisions respecting offenses committed in any place jurisdiction over which has been retained by the United States or ceded to it, etc., "the punishment for which offense is not provided for by any law of the United States," are neither of them limited to the fixing of punishment for offenses expressly created by the federal laws, but they apply to and make punishable any act committed in such places not so provided for, but which is an offense under the laws of the state.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 16.*]

Thomas Franklin was indicted, and demurs to the indictment. Demurrer overruled.

The defendant was indicted under section 5391 Rev. St., and Act July 7, 1898, c. 576, § 2, 30 Stat. 717 (U. S. Comp. St. 1901, pp. 3651, 3652), and charged with having committed upon the fort and military post and reservation known as West Point, in the county of Orange, in the Southern district of New York, the offense of grand larceny in the second degree, and of having feloniously stolen, taken, and carried away, with force and arms, the sum of $495.78, of the goods, chattels, and personal property of all the cadets then forming the cadet corps of the United States Military Academy at West Point aforesaid.

The defendant demurred to the indictment on the ground that it was insufficient in law, and insufficient to charge him with any offense against the laws of the United States, and insufficient to constitute a crime as against him, upon the theory that section 5391 and the act of July 7, 1898, did not define

the "offenses" therein referred to, but simply provided a punishment for offenses defined by Congress, but for which Congress had failed to prescribe a specific punishment, and that as the offense of grand larceny was an offense defined by the state law, and not by any act of Congress, to construe the statute as adopting into the Penal Code of the United States the offenses of the several states, as defined by the states themselves, would be to hold that Congress had delegated its sovereign power to define and punish crimes to the Legislatures of the several states, and that therefore the act would be unconstitutional.

Henry A. Wise, U. S. Atty. (Addison S. Pratt, of counsel), for the United States.

S. T. Ansell, for defendant.

HAND, District Judge (after stating the facts as above). I do not in the least mean to reflect upon the wisdom of the counsel who filed these demurrers. To our great discredit, as I think, technicalities of the kind which it raises have been too often successful to permit a conscientious counsel to forego their trial, whenever his ingenuity devises them. Their success does not redound to his disadvantage, but to the court, which has been misled. Any honest reasoning is quite legitimate, and the responsibility for mistakes must rest with the court. Nevertheless, I cannot resist saying that to adopt the construction which is suggested would, in my judgment, be to pervert the obvious meaning of the act quite unpardonably, and that, too, by a metaphysic which is fatuously verbal and naively nonsensical. If the acts meant only to fix punishment, they were to fix punishment for "offenses" which could never exist, since they apply only to offenses not "prohibited" by the laws of the United States. As no punishment could be fixed by Congress for any other offenses, the absurd result ensues that Congress was fixing the penalties upon "offenses" which were not such by any law, and was, therefore, merely engaging in elaborate nonsense. While the act is badly drawn, its intent—an intent not imputed, but drawn from the words—is perfectly obvious.

Demurrer overruled.